Ira McCartney, Defendant in Error, v. Wisconsin Dairy Farms Company, Plaintiff in Error.

### Gen. No. 17,154.

1. SALES—*when inferior goods as a compliance with order is for the jury.* Where it appears that it is the custom for dealers to order "current receipt" eggs, which is understood by the trade to mean all grades of eggs just as they are received from the farmers, the purchaser taking his chance as to the proportion of inferior grades, it is for the jury to determine whether an order for "good No. 1 current receipt fresh eggs" was complied with in shipping eggs, some of which were of poorer grades.

2. TRIAL—*when court should not make statement as to what the facts may be.* It is improper for a trial court in the hearing of a jury to make any statement as to what the facts may be or to com-

·ment upon any fact appearing in evidence, and such a remark, if prejudicial, may be sufficient ground for reversal.

Error to the Municipal Court of Chicago; the HON. JOHN D. TURN-BAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

H. J. ROSENBERG, for plaintiff in error.

J. HOMER SULLIVAN, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The plaintiff, McCartney, having brought suit against the Wisconsin Dairy Farms Company, defendant, for a balance due on a shipment of eggs, upon a trial by a jury recovered a judgment for the full amount of his claim.

The first error urged as a ground for reversal is that the verdict of the jury is contrary to the weight of the evidence. The defense was that the eggs shipped were not up to the quality specified in the order. The order specified "good No. 1. current receipt fresh eggs," and it is claimed that the evidence shows that a considerable portion of the eggs shipped was of an inferior grade to that ordered.

By the uninformed eggs are ordinarily divided into two classes, that is, good eggs and bad eggs; but we are told by the evidence herein that among those engaged in the business many grades of eggs are recognized; that an egg, like man, in its time plays many parts, its acts being seven stages. At first they are called "extras," then "No. 1," and then "dirties," then "checks," and then "spots." The sixth stage shifts into "leakers." The last stage of all that ends this "strange eventful history" is "rots," but probably not "sans taste, sans everything."

At times it is the custom for dealers to order what are called "current receipt" eggs, which is understood by the trade to mean all grades of eggs just as they

are received from the farmers, the purchaser taking his chances as to the proportion of inferior grades there may be in the lot. In view of this evidence it was for the jury to determine whether the order for "good No. 1 current receipt fresh eggs" was complied with in shipping eggs of which some were of poorer grades. The jury evidently held with the theory of the plaintiff, that the kind of eggs specified in the order referred to no particular grade of eggs, but was made up of all grades. We cannot say that the verdict of the jury is incorrect in this particular.

The other error urged is that remarks prejudicial to defendant were made by the trial court in the presence of the jury. It is improper for a trial court in the hearing of a jury to make any statement as to what the facts may be, or to comment upon any fact appearing in evidence, and such remarks may be sufficient ground for a reversal. However, in the case before us the remark made by the court, in our opinion, could not have had any prejudicial effect with the jury upon the defendant's case, and, therefore, we shall decline to reverse on that ground.

We discern no reason to disturb the judgment, and it will be affirmed.

*Affirmed.*